Justino de León Meléndez, plaintiff-appellant, *v.* Felipe Pérez Vega and Regino Perdomo, defendants-appellees.

No. 7873. Argued: December 5, 1938.—Decided: January 31, 1939.

*J. C. Rivera,* for appellant; *Luis Mendín Sabat,* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Justino de León Meléndez filed a complaint in unlawful detainer at sufferance in the District Court of Humacao and substantially alleged that the plaintiff is the owner of a certain farm, that the defendants are in possession thereof without paying rent, and that notwithstanding the fact that the owner has repeatedly requested him to give up said possession, he refuses so to do.

In his answer defendant alleges that he, Felipe Pérez Vega, is the owner of said farm, that he is in possession of it and has a written title to the same, and that he has leased it to the other defendant Regino Perdomo, who has been in possession for over a year as tenant.

After hearing the case the Court rendered the following judgment:

"It appearing from plaintiff's evidence that his title to the property originated from a judicial sale on execution of a judgment entered by the clerk of a municipal court, in a suit begun by an amended bill of complaint, one of the causes of action of which, not pleaded separately, purported to collect a balance due from an unliquidated current account. It is clear that the clerk of said court had no power or authority to enter said judgment, at least inasmuch as it referred to the current account, and consequently the judgment is null and avoid, (*Benítez* v. *District Court,* 36 P.R.R. 408); and as the rest of the evidence given by the parties is sufficient to establish a prima facie conflict of title between them to be settled in a plenary suit (*Martínez* v. *Figueroa,* 50 P.R.R.——), the complaint in this case is

dismissed and costs are awarded to the plaintiff up to the sum of $100, which is the value of the attorneys fees for the services rendered to defendants in this case."

The plaintiff appealed from this judgment and alleges that the lower court committed the following errors:

"1. In deciding that the title of the plaintiff-appellant, from his own evidence, is null and void, because it originated from an execution of judgment entered by the clerk of a municipal court in a suit to collect a balane due on an unliquidated current account.

"2. In holding that the clerk of the Municipal Court of Caguas had no authority to enter the judgment in civil case No. 5662, to which this judgment refers.

"3. In deciding that the rest of the evidence given by both parties was sufficient to establish a real conflict of title between them.

"4. In awarding costs including attorney's fees to defendant-appellee."

The second assignment of error set forth is a mere repetition of the first. The question raised by both is whether or not a judgment by default entered by a clerk in a suit for the collection of an unliquidated sum is valid and if a deed of judicial sale executed by virtue of such judgment conveys a valid title to the purchaser.

It appears from the record that plaintiff filed suit in the Municipal Court of Caguas against the heirs of Nicolás Pérez Vega on a promissory note for the sum of $143 and on a current account in the sum of $87. Plaintiff pleaded the current account in the bill of complaint in the following manner:

"5. That in the usual course of his business the plaintiff sold to deceased, after the aforesaid promissory note was executed, various items of provisions which amounted to $87 and that neither the deceased nor his heirs have paid the plaintiff its price in whole or in part . . ."

In regard to said current account, it is not alleged that the parties agreed to liquidate it or that the debtor accepted expressly or impliedly the balance claimed.

It is evident that the bill of complaint as drawn up contained sufficient facts to state a cause of action. *Sanabria v. Rosa et al.*, 32 P.R.R. 537; *Rivera v. District Court*, 44 P.R.R.——. But, does the fact that the bill of complaint states a cause of action imply that the clerk is authorized by Section 194 of the Code of Civil Procedure to enter a judgment by default based on said bill of complaint? This Court, in an opinion delivered by Mr. Justice Córdova Dávila, upheld the negative, when it said in *Rivera v. District Court*, 44 P.R.R. 796, 799:

"The lower court did not act correctly in refusing to issue an order of execution on the ground that the complaint did not state facts sufficient to constitute a cause of action, but its decision must be sustained because the judgment entered by the clerk is fatally defective. This officer in the exercise of his powers, which are purely ministerial, could not enter said judgment, as it involved an unliquidated account which the plaintiff estimated in the amount of $614.42, fixing a lump sum for the merchandise sold. The appraisal of the plaintiff, although it may be fair and reasonable, does not render the alleged amount definite and certain, nor can it have the character of a liquidation. Besides, said appraisal may be excessive and arbitrary. To hold that the defendant by reason of the default admits the value that the plaintiff may fix on the goods, would be tantamount to authorizing the latter to obtain a judgment in his favor even though the sum claimed by him may be excessive and arbitrary."

It is clear from the above citation that the judgment entered by the Clerk of the Municipal Court of Caguas is not merely voidable. The defect is not a mere irregularity. In this case the judgment was entered by an official who had no authority to enter it and to all purposes is a judgment entered without jurisdiction. ■ Consequently, it may be attacked collaterally in this suit of unlawful detainer as was held in *Martínez v. Figueroa*, 50 P.R.R.——. ■■ The judgment being null and void, the title derived from it by the plaintiff is also inexistent and if the plaintiff has no title to the farm subject of this action for unlawful detainer, he has

no right to file the suit as owner of the same, according to Section 620 of the Code of Civil Procedure, which reads as follows:

"The action of unlawful detainer (*desahucio*) may be commenced by the owners of property, usufructuaries thereof, or by any other person or persons entitled to the enjoyment of such property, or by persons claiming under them."

In this case the plaintiff filed suit as owner, and not as usufructuary nor in any other concept. Therefore, there is more than a conflict of title, there is an absolute lack of title in the plaintiff, and as it is up to him to prove his allegations and he can in no case rest on the lack of or weakness of defendant's title, his action in unlawful detainer cannot succeed. This being so, it is unnecessary to consider the third error alleged by the appellant. What we have said in regard to the first two errors proves clearly that the judge of the lower court was correct in dismissing the complaint in unlawful detainer. See *Heirs of Huertas González* v. *Rosario,* 50 P.R.R. ——; *Martínez* v. *Figueroa,* supra, and *Rivera* v. *District Court,* supra.

We will proceed to consider the fourth of the errors allegedly committed by the lower court, that is, the alleged error in regard to the award of costs. Section 327 of the Code of Civil Procedure, as amended by Act No. 94, of May 11, 1937 (Laws of 1937, p. 229), provides that the party in whose favor a judgment is rendered shall be awarded costs, and that if any litigant has been stubborn (*temerario*) the court, in its judgment, should award attorney's fees to the other party, fixing in the judgment the amount of the same, considering their degree of guilt in the suit and the services necessarily rendered by said attorney. In regard to the award of costs, we have already seen from the provisions of the above-mentioned section 327 that it is mandatory upon the judge rendering judgment to award them to the party winning the suit, and in this regard the judge has no discretion whatsoever. The same is not true with regard to the award of

attorney's fees, which depends on the discretion of the judge rendering judgment, who must take into consideration the amount of guilt or temerity of the losing party, as well as the value of the services necessarily rendered by the attorney of the successful party.

From a study of the record we cannot change the conclusions reached by the lower court in awarding attorney's fees to the defendant, since as we have seen the question raised was not new in this jurisdiction when this suit was brought, and if plaintiff had examined the cases of *Sanabria* v. *Rosa, et al., Huertas González* v. *Rosario,* and *Martínez* v. *Figueroa,* supra, he would have immediately discovered that he had not a good cause of action in the suit in unlawful detainer.

The appeal is, therefore, dismissed and the judgment appealed from affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.